WHITE *versus* MEANS AND DEAN, *his trustee.*

One summoned as a trustee, and not having yet disclosed or been defaulted, is admissible as a witness for the defendant.

ON REPORT from *Nisi Prius*, WELLS, J. presiding.
ASSUMPSIT.

Dean, the supposed trustee, at a stage of the case, when he had neither disclosed or been defaulted, made an affidavit for the principal defendant, which is by consent to be received, if he was admissible as a witness. The plaintiff resisted its admissibility, but the Judge received it. The question of its admissibility is now submitted to the Court.

*Hubbard,* for the plaintiff, suggested, that Dean was a party of record to the suit; *Adams* v. *Rowe,* 10 Maine, 89; and, that such parties can in no case be witnesses. *Commonwealth* v. *Marsh,* 10 Pick. 57; *Nason* v. *Thatcher,* 8 Mass. 398; *Foss* v. *Whiting,* 16 Mass. 118.

WELLS, J., orally. — It is true that a party of record cannot be a witness. But that rule does not extend to a trustee, situated as Dean was. If he was inadmissible, he would be so equally, whether offered by the plaintiff or by the defendant, and it would be in the power of a plaintiff always to exclude a witness, who happened to be indebted to the defendant, by merely summoning him as trustee.

Dean was not a litigant; he had no interest in the event of the suit, and under the conditional agreement of the parties, his affidavit was rightfully received.